IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09-CV-250-GCM

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ORDER ) |
| CAROLINA PHOENIX BUILDERS, INC., DALE BLACK, and JOHN and DEBRA WATT, | ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Judgment on the Pleadings, filed August 14, 2009. For the reasons stated below, Plaintiff's Motion is GRANTED.

## I. BACKGROUND

Plaintiff, an insurance company, brings this declaratory judgment action claiming it has no duty to defend or indemnify the Defendants Carolina Phoenix Builders, Inc. ("Carolina Phoenix") and Dale Black in an underlying state court lawsuit brought by Co-Defendants John and Debra Watt. The Watts filed a complaint in Mecklenburg County Superior Court against Carolina Phoenix and its principal, Mr. Black, seeking to recover for property damage to their residence allegedly caused by construction work done by Carolina Phoenix as the general contractor during the building of their home between 2003 and 2005.

Carolina Phoenix was covered by a Commercial Policy and a Commercial Liability Umbrella Policy issued by the Plaintiffs for the period beginning March 21, 2006 through March

21, 2009. (Complaint ¶ 10, Exhibits A & B.) The policies include coverage for "property damage" that is caused by an "occurrence" that takes place during the policy period.(Complaint ¶ 12-14, Exhibits A & B.) Plaintiff argues that because the Watts' complaint alleges that the damage to their home resulted from work performed by Carolina Phoenix prior to the policy periods for which the Plaintiff covered Carolina Phoenix, it has no duty to defend or indemnify Defendants Carolina Phoenix and Dale Black.

## II. STANDARD OF REVIEW

"The test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." Fed. R. Civ. P. 12(c);*Smith v. McDonald,* 562 F.Supp. 829, 842 (M.D.N.C.1983), *aff'd,* 737 F.2d 427 (4th Cir.1984), *aff'd,* 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985); 5C C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (3d Ed.2004)).

## III. DISCUSSION

The parties do not dispute that the Commercial Policy and the Umbrella Policy provide insurance coverage in connection with "property damage" caused by an "occurrence" taking place during the policy period. (Complaint ¶ 12-14, Exhibits A & B.) The issue is whether it can be determined that the damage to the Watts' home occurred while Carolina Phoenix was covered by the Plaintiff's insurance policy. For the purposes of determining insurance liability, North Carolina law provides that if it can be determined "when the injury-in-fact occurred, the insurance policy available at the time of the injury controls." *Harleysville Mut. Ins. Co. v.*

*Berklet Ins. Co. of the Carolinas*, 169 N.C. App. 556, 610 S.E.2d 215 (2005)(citing *Hutchinson v. Nationwide Mut. Fire Ins. Co.*, 163 N.C. App. 601, 604, 594 S.E.2d 61, 63 (2004)).

Defendants argue that the date of the injury-in-fact is a material fact that has not yet been determined with certainty, and therefore a judgment on the pleadings is improper. However, even if the exact date of the injury-in-fact is uncertain, the insurer has no duty to defend or indemnify the insured if there are no allegations in the complaint of any "actions or inactions" by the insured during the effective dates of the policy. *Harleysville* at 563. Here, there is no claim that Carolina Phoenix did anything to the house after 2005. Thus, whatever caused the property damage to the house "occurred" prior to the initial coverage date, March 21, 2006, contained in the policy. Accordingly, the insurance policy does not require the Plaintiff to defend or indemnify the Defendant in the underlying state court action.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion is **GRANTED**.

Signed: February 9, 2010

Graham C. Mullen
United States District Judge